The verdict was for the plaintiff in the sum of $76.60.

---

## CELEDONIO RIVERA

*v.*

## AMERICAN RAILROAD COMPANY OF P. R.

---

San Juan, Law, No. 450.

1. A railroad company which negligently fails to furnish its employees

with proper appliances and machinery is responsible in damages to a workman injured because of such failure.

2. If plaintiff was guilty of contributory negligence, he cannot recover, unless it was slight as compared with the negligence of the defendant.

3. The doctrine of comparative negligence applied.

4. Defendant would not be responsible if the accident occurred by reason of a latent defect, not discoverable by the use of ordinary diligence on the part of defendant.

Case tried May 6, 1907.

*Mr. Joseph Anderson, Jr.,* and *Mr. Henry F. Hord,* attorneys for plaintiff.

*Mr. Francis H. Dexter,* attorney for defendant.

Instructions by RODEY, Judge:

## Statement.

This case was tried previous to the time the Supreme Court of the United States held the national employers' liability act of July 11, 1906, to be unconstitutional. See Employers' Liability Cases (Howard v. Illinois C. R. Co.) 207 U. S. 463, 52 L. ed. 297, 28 Sup. Ct. Rep. 141.

The facts were about as follows: At the time of the accident, plaintiff, a boy about nineteen years of age, was employed by the defendant railroad company. He was engaged with several other men in jacking up a derailed flat car so as to put it back on the rails. They were using a couple of crank winches or jacks to accomplish this. After they had partly raised the car, and the load was being held by the ratchets of the winches,

Rivera v. American Ry. Co.

which ratchets were outside and in plain sight, someone suggested that they get an additional winch or jack, and one of the men started after it. It did not satisfactorily appear whether the men, including the plaintiff, who were holding the cranks, let them go at this moment or still retained their holds on them; but the next thing the other men present knew, they heard the sound of a blow, and saw the plaintiff fall to the ground. It was found afterwards that his arm was broken in two places. The evidence was wholly unsatisfactory as to the manner in which the accident occurred. The winch was held by a ratchet on the outside which was plainly visible, and could be handled by the men using it. When plaintiff was picked up, it was found that the winch crank had broken off and was on the ground beside him. It could not be determined whether plaintiff or some other person was meddling with the ratchet while it was holding this heavy load, and got it out of the cog in some manner, or whether it slipped out by reason of the worn condition of the ratchet itself or the cogs it was set in. Neither was it certain whether plaintiff had hold of the crank when the ratchet slipped, or whether he was simply standing near the winch, and was struck by the crank after the ratchet let the weight drop.

The remaining facts sufficiently appear from the instructions.

RODEY, Judge, omitting the formal parts, gave the following charge and instructions to the jury:

This suit is filed by Celedonio Rivera, who is a minor, and therefore sues by his mother and guardian, Francisca Cortejo, against the defendant, the American Railroad Company of Porto Rico, for the sum of $2,000, as damages for the injury which the evidence has shown you occurred to him.

The court instructs you that the suit is properly brought

within the required time under the law, and that only two points remain in the whole cause for you to consider. The first one is whether or not the defendant negligently failed to furnish proper appliances or machinery for the use of the workman in question, and that, by reason of such failure, he was injured. In which case you may find for the plaintiff in any sum you believe to be reasonable, within the sum of $2,000 which he has sued for, but you are instructed that, if you believe, from a preponderance of the evidence, that the plaintiff brought about his injury by his own contributory negligence, he cannot recover unless you further believe, from a preponderance of the evidence, that his contributory negligence was slight, and that of the employer was gross in comparison. But, in case you believe, as aforesaid, that the plaintiff was guilty of contributory negligence, you should reduce the damages in proportion to the amount of negligence attributable to the plaintiff.

And second, in case you believe, from a preponderance of the evidence, that the accident and injury occurred to the plaintiff from a latent defect in the jack or appliance used, which could not be seen or safeguarded against by reasonable care, then you should find for the defendant.

You are instructed that, as a general principle, it is the duty of every employer to furnish proper and reasonably safe appliances for the use of his employees, and that he is liable to them for his negligent failure to do so. While the employer is thus obliged to furnish proper and reasonably safe machinery, this fact does not relieve the employee from reasonable care on his own part against using machinery which is manifestly unsafe, as might be seen by its daily use.

The verdict was for defendant.